United States District Court
Southern District of Texas
**ENTERED**
March 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Sherry Mazurkiewicz, §<br><br>*Plaintiff,* §<br><br>v. §<br><br>Kilolo Kijakazi,<br>Acting Commissioner of Social<br>Security, §<br><br>*Defendant.* § | Case No. 4:21-cv-04224 |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff Sherry Mazurkiewicz's motion requesting an award of attorneys' fees incurred in her successful challenge under 42 U.S.C. § 405(g) to an adverse ruling from the Social Security Administrative Administration. Dkt. 25. It is recommended that Plaintiff's motion be granted.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees if she prevails on appeal from a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that she is the prevailing party; (2) that she timely filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances exist that would make a fee award unjust. *Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex.

Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)), *report and recommendation adopted*, 2021 WL 2188200 (S.D. Tex. May 28, 2021).

Here, the course of proceedings shows both that Plaintiff was the prevailing party and that the agency's position was not substantially justified. First, the Court remanded the case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g), which makes Plaintiff a prevailing party under the EAJA. *See* Dkt. 24 (adopting recommendation to vacate the agency's decision and remand for further proceedings, Dkt. 22); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand to the agency pursuant to 42 U.S.C. § 405(g) confers plaintiff with prevailing party status).

Indeed, the Commissioner agrees that Plaintiff is a prevailing party entitled to recover her attorneys' fees.  Dkt. 26 at 1-2.  The Commissioner also conceded that the prior administrative decision was not substantially justified by agreeing that the Court should reverse and remand the case for further administrative proceedings.  *See* Dkt. 21.  And the Commissioner has not claimed, at this juncture, that the prior decision was substantially justified. *Cf. Thomas v. Astrue*, 2009 WL 210484, at *1 (S.D. Tex. Jan. 26, 2009) (awarding attorneys' fees where, *inter alia*, "[t]he Commissioner does not contend that the government's position was substantially justified").

Plaintiff also timely filed her motion for attorneys' fees within thirty days of when the district court's judgment became final.  *See* 28 U.S.C.

§ 2412(d)(1)(B) (30-day deadline from "final judgment in the action"); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 24 (Oct. 12, 2022 final order); Dkt. 25 (Jan. 3, 2023 motion for fees). No special circumstances make a fee award unjust. An award of fees under the EAJA is therefore proper.

Plaintiff argues, and the Commissioner does not dispute, that the requested hourly rates and the total hours expended by Plaintiff's counsel are reasonable. Dkt. 25 at 3-5; Dkt. 26 at 1-2. Based an independent review, the Court agrees that the amounts sought are reasonable.

Plaintiff's attorney spent 26.3 hours working on the case—2.3 hours in 2021 and 24 hours in 2022. Dkt. 25-1. Although the number of hours expended preparing a single brief perhaps is greater than some social security appeals, Plaintiff's attorney also proffered a reasonable explanation for those hours, namely that counsel had not represented Plaintiff during the administrative proceeding. Dkt. 25 at 4-5. Moreover, the total hours are still within the range of time reasonably expended in similar cases. *See Reese*, 2021 WL 2188686, at *2 ("[C]ourts typically award between 30 and 40 hours of work for Social Security appeals."); *Mesecher v. Berryhill*, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (collecting cases for the same observation).

As for the hourly rate, Plaintiff requests more than the standard EAJA

rate of $125.00—specifically, $209.33 for 2021 and $223.77 for 2022.  Dkt. 25 at 1, 3.  Upward adjustments in the EAJA rate, which was last amended in 1996, are appropriate to account for increases to the cost of living.  28 U.S.C. § 2412(d)(2)(A) (authorizing higher rate if "an increase in the cost of living or special factor ... justifies a higher fee"); *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992) (endorsing cost-of-living adjustments to EAJA rate).  Courts routinely use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine the appropriate adjustment.  *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2-3 (S.D. Tex. Feb. 9, 2022) (applying CPI to determine appropriate hourly rate).

To determine the appropriate adjustment, courts consider the average annual CPI in this region the last time the EAJA rate was changed, compare that rate to the average annual CPI for a given year when legal services were provided, calculate the percentage of the increase, and apply that percentage to determine the CPI-adjusted hourly rate for that particular year.  *See id.* at *2-3 & n.7 (explaining the calculation and applying CPI for Houston, where the case was filed, even though counsel was based in New York).  The base CPI rate in the Houston-The Woodlands-Sugar Land, Texas area as of 1996 was 142.7.[1]  Applying the formula detailed above, the Court calculates the CPI-

---

[1] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is found at https://data.bls.gov/pdq/SurveyOutputServlet (last visited March 13, 2023).

adjusted hourly rates as follows:

- For 2021, the CPI was 67.47% higher than the base CPI (*i.e.*, (238.975-142.70)/142.70), making the adjusted hourly rate $209.34 (*i.e.*, 1.6747 x $125).

- For 2022, the CPI was 81.26% higher than the base CPI (*i.e.*, (258.66-142.70)/142.70), making the adjusted hourly rate $226.58 (*i.e.*, 1.8126 x $125).

Because the hourly rates sought by Plaintiff—$209.33 for 2021 and $223.77 for 2022—are lower than the CPI-adjusted rates ($209.34 and $226.58, respectively), Plaintiff's requested rates are reasonable. Applying these adjusted hourly rates to the number of hours expended, the Court concludes that Plaintiff should be awarded $481.46 in attorneys' fees for 2021 and $5,370.48 for 2022, for a total of $5,851.94.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Plaintiff Sherry Mazurkiewicz's motion for attorneys' fees (Dkt. 25) be **GRANTED**, and that Defendant be ordered to pay Plaintiff $5,851.94 in reasonable attorneys' fees.

Signed on March 23, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge